UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYY CHUNG, | Case No.: 3:25-cv-02686-JES-KSC |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING MOTION TO DISMISS; and** |
| SAN DIEGO POLICE DEPARTMENT and CITY OF SAN DIEGO, | |
| Defendants. | **(2) DENYING MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY** |
| | **[ECF Nos. 5, 6]** |

Plaintiff Skyy Chung, proceeding *pro se*, brings this action against the San Diego Police Department ("SDPD") and the City of San Diego (the "City," collectively "Defendants"). ECF Nos. 1, 3. Plaintiff filed her initial complaint in this matter on October 9, 2025, (ECF No. 1), and her First Amended Complaint on October 14, 2025 (ECF No. 3 ("FAC")). On October 29, 2025, Plaintiff moved for leave to conduct early discovery in this matter. ECF No. 5. On November 6, 2025, Defendants filed a motion to dismiss Plaintiff's claims. ECF No. 6. The motion to dismiss was fully briefed by the parties, and the Court held a hearing on the motion on December 12, 2025. ECF Nos. 7, 9, 11. For the

1

reasons set forth below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion for leave to conduct early discovery.

### I.    BACKGROUND

Plaintiff alleges that she has been targeted by Defendants, in part due to her concurrent employment as a content creator and a state employee. FAC at 12. Plaintiff alleges that Defendants have conspired with, are motivated by, or assisting Plaintiff's former partner by targeting her, in part to help him avoid detection and prosecution for harmful conduct towards her and her minor child. *Id.* at 12-13. She alleges that her former partner violated certain security clearances and was also a content creator, and that she has been targeted in ways he has not. *Id.*

Plaintiff states that Defendants tampered with her computer and iCloud accounts, deleted, modified, or otherwise altered documents within her control. *Id.* Plaintiff alleges that Defendants tampered with, modified, or deleted recordings of phone calls with Apple Cybersecurity, which contained evidence that Plaintiff was being stalked. *Id.* at 13. Plaintiff contends that Defendants assisted Plaintiff's former partner in evidence tampering to cover up criminal activity. *Id.* Plaintiff also alleges that Defendants engaged in unlawful physical surveillance, accessed her private devices, accounts, vehicle, and home without her consent. *Id.* at 3-4. Plaintiff also alleges that Defendants attempted to get Plaintiff's accounts suspended to withhold her income, and keep her from accessing her content creation work and content. *Id.* at 7.

Plaintiff alleges that she was sent unsolicited mail, some of which addressed her by derogatory titles. *Id.* at 10. Plaintiff also alleges that her fire alarms were tampered with, and that she was blocked from communicating with family members by text through her service carrier. *Id.* Plaintiff alleges that Defendants unlawfully entered her email inbox and contacted her union posing as her. *Id.* Plaintiff alleges that Defendants interfered into her relationship with her child, targeted her child, and attempted to contact her child. *Id.* Further, Plaintiff alleges that Defendants broke into her place of living and vehicle, including illegally entering into her car and placing her former partner's CVS card into her

3:25-cv-02686-JES-KSC

trunk. *Id.* at 10-11. Plaintiff states that these intrusions have caused her significant distress and have impacted her interpersonal and family relationships. *Id.*

Additionally, Plaintiff alleges that she attempted to report unlawful conduct against her, but the SDPD refused to file a police report. *Id.* at 4. She states that she made two Freedom of Information Act ("FOIA") requests to obtain data associated with her police report, but was denied access due to an unjust in-process investigation. *Id.* at 5. Plaintiff also alleges that she submitted a 64-page file of documents and evidence to the Department's Internal Affairs Unit, which failed to follow up with her. *Id.* at 4. Plaintiff alleges that these actions are part of a larger conspiracy to obstruct justice and impede official duties which led to her state-issued work computer being hacked into and compromised, with the ultimate purpose of harming and framing Plaintiff. *Id.* at 5.

Plaintiff brings the following causes of action: (1) invasion of privacy; (2) Fourth Amendment retaliation; (3) trespass to chattels; (4) negligence or negligent supervision; (5) conspiracy to impede officer and obstruction of justice, in violation of 18 U.S.C. § 372; (6) destruction, alteration, or falsification of records, in violation of 18 U.S.C. § 1519; (7) two counts of intentional infliction of emotional distress; (8) a section 1983 civil rights action arising from first amendment retaliation; (9) defamation; (10) interference with medical care under the Americans with Disabilities Act and 42 U.S.C. § 1983; (11) conspiracy against rights (18 U.S.C. § 241) and to interfere with civil and constitutional rights (18 U.S.C. § 1985(3)); (12) harassment; (13) suppression of first amendment speech; and (14) gender discrimination. *Id.* at 2-12.

## II.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual

3:25-cv-02686-JES-KSC

allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

**B. Federal Rule of Civil Procedure 8**

Under FRCP 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a pro se plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131-23 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with

3:25-cv-02686-JES-KSC

enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may also dismiss a complaint in which "'each count ... adopts the allegations of all preceding counts'" such that "'[i]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Ewing v. Freedom Forever, LLC*, No.: 23-CV-1240 JLS (AHG), 2024 WL 221777, at *4 (S.D. Cal. Jan. 19, 2024) (quoting *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)).

### III.    DISCUSSION

Defendants bring this motion to dismiss, arguing that (1) SDPD must be dismissed because it is not a proper defendant; (2) Plaintiff's state law causes of action must be dismissed because they cannot be raised against the city and because Plaintiff has not filed a government claim, and (3) that Plaintiff's federal law claims fail because they are based on conclusory allegations. The court discusses these arguments below.

#### A. Defendant SDPD

Defendants contend that SDPD must be dismissed because police departments are not "persons" under the meaning of 42 U.S.C. §§ 1983 and 1985. ECF No. 6-1 ("Mot.") at 9. Plaintiff concedes this issue in her opposition to the motion to dismiss. ECF No. 7 ("Opp'n") at 8 ("Plaintiff amended the caption to identify the City of San Diego as Defendant […] Defendant's argument on this issue is therefore moot."). The Court construes this as a voluntarily dismissal of all claims against SDPD on the basis that Plaintiff is not able to state a claim against them as a Defendant. The motion to dismiss all claims against SDPD is thus **GRANTED** with prejudice.

#### B. Common Law Claims

The City argues that it may not be held liable for common law claims under the California Tort Claims Act, and that Plaintiff's potential state-law claims are also barred

3:25-cv-02686-JES-KSC

by her non-compliance with the Act's requirement of a written claim brought prior to suit. Mot. at 10-11.

### 1. California Tort Claims Act

The California Tort Claims Act states that public entities are not liable for common law tort claims, and may only be held liable by statute. Cal. Gov't Code § 815; *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 898 (2008). Here, Plaintiff brings the following common law claims: invasion of privacy, trespass to chattel, negligence and negligent supervision, intentional infliction of emotional distress, defamation, harassment, gender discrimination, and conspiracy. *See generally*, FAC. Because these are all common law claims, and Plaintiff has not specified which statute they are brought under, they cannot be brought against a public entity. The motion to dismiss these claims are **GRANTED** without prejudice. Plaintiff is granted leave to amend, should she be able to articulate a statutory basis for each of the claims and allege plausible facts which, taken as true, show all of the elements of each claim under the relevant statutes.

### 2. California Government Claims Act

The California Government Claims Act's requires that before pursuing a claim for personal injury based on the actions or inactions of a local public government entity, a plaintiff must present a tort claim within six months of the incident. Cal. Gov't Code §§ 915, 911.2(a). To survive a motion to dismiss under the Act, "a plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Ct.*, 32 Cal. 4th 1234, 1243 (2004). California's Supreme Court has emphasized the necessity of strict compliance with the Act's claim presentation requirements, making clear that allegations that the entity was on notice of facts underlying the claim are insufficient. *DiCampli–Mintz v. Cnty. of Santa Clara*, 55 Cal. 4th 983, 986 (2012).

Here, Plaintiff has not pled compliance or an excuse for non-compliance with the Act, and does not articulate a basis for either in her opposition to the motion to dismiss. *See generally*, FAC; Opp'n. However, Plaintiff has alleged in the amended complaint that

3:25-cv-02686-JES-KSC

she has attempted to raise grievances with the City through a variety of means over the course of her interactions with City employees. *See id.* at 4 (alleging that Plaintiff attempted to file a police report and submitted a 64-page file to SDPD's Internal Affairs Unit). While these allegations are insufficient to establish compliance with the Act, the Court does not find that leave to amend these claims is futile. The Court thus **GRANTS** the motion to dismiss on the basis of the claim presentation requirement, with leave to amend should Plaintiff be able to allege facts showing either compliance with or an excuse for non-compliance with the Act.

### C. Fourth Amendment *Monell* Claim

The City argues that Plaintiff's Fourth Amendment claim should be dismissed because Plaintiff has not alleged a policy as required for *Monell* liability against the City. Mot. at 12. The Court agrees.

Under *Monell v. Department of Social Services of City of New York*, a city may be held liable for the illegal or unconstitutional actions of its employees in a civil rights action only when those actions result from a policy, custom, or practice attributed to the City. 436 U.S. 658, 690–91 (1978). "In order to establish liability for governmental entities under *Monell,* a plaintiff must prove (1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks and citations removed; alternations in the original). The Ninth Circuit has defined a policy as "a deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long v. Cnty. Of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (internal quotation omitted). A municipality acts with deliberate indifference when it has "actual or constructive notice" that the action or inaction in question is "substantially certain to result in the violation of the constitutional rights of their citizens." *City of Canton, Ohio v. Harris*,

489 U.S. 378, 396 (1989). Plaintiffs can meet this standard by either showing that "the policy [is] so facially deficient that any reasonable policymaker would recognize the need to take action," or by showing "a pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141-42 (9th Cir. 2020).

Here, Plaintiff's Fourth Amendment claim is pled against the City, and thus must comply with the requirements of *Monell*. *See* 436 U.S. at 690–91. Plaintiff alleges that an individual or individuals conducted an illegal search or seizure, including illegal surveillance, but does not allege facts showing an underlying City policy. FAC at 3 (alleging only individual actions); *Long*, 442 F.3d at 1185. As the City points out in their motion to dismiss, Plaintiff also does not allege plausible facts showing notice or certainty of harm from a policy attributable to the City as required to show deliberate indifference leading to municipal liability for individual actions. *See* Mot. at 12; *City of Canton, Ohio*, 489 U.S. at 396. Plaintiff's opposition to the motion to dismiss again articulates the harms to her but does not state a policy basis for her claims. Opp'n at 5. The motion to dismiss Plaintiff's Fourth Amendment claim is thus **GRANTED** with leave to amend should Plaintiff be able to allege plausible facts showing all elements of a *Monell* violation.

### D. Criminal Statutory Claims

Plaintiff brings claims under three federal criminal statutes. FAC at 5, 6, 9 (raising claims under, respectively, 18 U.S.C. § 372, 18 U.S.C. § 1519, and 18 U.S.C. § 241). As the Court explained to Plaintiff in the hearing on this motion, these statutes do not give rise to civil lawsuits, and can only be brought by a prosecutor in criminal court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining the lack of civil liability under Title 18 criminal law provisions). The motion to dismiss these claims is thus **GRANTED** without leave to amend, as amendment would be futile.

### E. First Amendment Claims

8

3:25-cv-02686-JES-KSC

Plaintiff raises First Amendment claims for retaliation and violation of freedom of the press. FAC at 7-8, 11. The City argues that these claims are each subject to dismissal. Mot. at 13-14. The Court agrees.

### 1. Retaliation Claim

"To prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1160 (N.D. Cal. 2009) (internal quotations and citation omitted). Here, Plaintiff alleges that she retained an entertainment attorney for pre-clearance videos to engage in constitutionally protected speech, and that Defendants retaliated against her by targeting her accounts in an attempt to get them suspended. FAC at 7. Plaintiff also alleges that Defendants tampered with content she had created on her devices. *Id.* The City correctly argues that Plaintiff has not alleged any of the elements of a first amendment retaliation claim. Mot. at 14. While video creation is in some instances protected speech, other types of speech are unprotected or less protected. *See, e.g., Miller v. California*, 460 U.S. 1105 (1983) (holding that obscene speech is unprotected by the First Amendment); *Counterman v. Colorado*, 600 U.S. 66 (2023) (holding that true threats are unprotected speech). Because Plaintiff has not specified the speech in question beyond saying it is a video, she has not alleged facts showing that she was engaged in a constitutionally protected activity. *See* FAC at 7. Considering the broad and nonspecific allegations of targeting, tampering, and intentional suppression, Plaintiff's retaliation claim does not provide sufficient allegations to put the City on notice of the grounds for her claim under the standards set forth by Rule 8. *See Brazil*, 66 F.3d at 199. The motion to dismiss Plaintiff's First Amendment retaliation claim is thus **GRANTED** with leave to amend.

### 2. Freedom of Press Claim

3:25-cv-02686-JES-KSC

Plaintiff's Freedom of the Press claim suffers from similar deficiencies. While the Supreme Court has instructed that courts should broadly define the press to include individuals and formal publishers alike (*Branzburg v. Hayes*, 408 U.S. 665 (1972)), The City correctly states that Plaintiff must still allege facts which, taken as true, show that press protections apply to the speech in question. *See* Mot. at 15. Plaintiff does not allege any facts showing that her content creation is entitled to protection under freedom of the press. *See* FAC at 11. Under Rule 8, Plaintiff's broad and general statements about her work are insufficient to put the City on notice of how it is charged with violating the freedom of the press. *See Brazil*, 66 F.3d at 199. The motion to dismiss Plaintiff's Freedom of the Press claim is thus **GRANTED** with leave to amend.

It is unclear on the face of the amended complaint whether Plaintiff also intends to raise another standalone First Amendment claim outside the two analyzed above, or simply considers both of the above claims to be suppression of speech. *See* FAC at 7-8 (naming "Retaliation / Suppression" under First Amendment claims, but not distinguishing between the two in allegations or analysis); 10 (listing suppression of speech and Freedom of the Press but not distinguishing between the claims). As the City points out, to state a claim for a First Amendment violation, Plaintiff must plead facts showing a specific theory of the type of speech at issue and how her rights were violated to survive a motion to dismiss. Mot. at 14; *Twombly*, 550 U.S. at 570. As explained above, the amended complaint as alleged does not show any First Amendment violation with sufficient particularly to survive a motion to dismiss under Rule 8. The motion to dismiss any additionally intended First Amendment claim is also thus **GRANTED** with leave to amend.

### F. ADA Claim

The City argues that Plaintiff's ADA claim must be dismissed because she has not alleged any of the elements of an ADA claim, including a qualifying disability, a program or service from which she seeks to benefit, and City action denying her participation in such a program or service. Mot. at 16, citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004). At the hearing on this motion, the Court asked Plaintiff whether she

3:25-cv-02686-JES-KSC

was able to allege a disability as required by this statute to state a claim. Plaintiff replied in the negative. The Court thus **GRANTS** the motion to dismiss Plaintiff's ADA claim without leave to amend, finding that leave to amend would be futile.

### G. Claims Under 42 U.S.C. § 1985(3) and (2)

The City argues that Plaintiff's civil rights conspiracy claim under 42 U.S.C. § 1985(3) must be dismissed because it consists of conclusory allegations, and does not identify a legally protected right or a deprivation of that right. Mot. at 17-18. The City also moves to dismiss a potential claim under 42 U.S.C. § 1985(2), but the Court does not interpret the amended complaint as raising such a claim. *See* FAC at 2 (mentioning the statute itself once but not elaborating on a claim under it).

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must show that defendants conspired to deprive the plaintiff of equal protection of the laws based upon membership in a protected class, took action in furtherance of such conspiracy, and subsequently injured the plaintiff in person or property or deprived the plaintiff of exercising a right. *Griffin v. Breckenridge*, 403 U.S. 88, 103-03 (1971). Plaintiffs must make specific factual allegation that show a plausible conspiracy (*Gaetz v. City of Riverside*, 722 F. Supp. 3d 1054, 1069 (C.D. Cal. 2024)) and show that they are a member of a class of the type intended by the statute, which was originally intended to protect against racial violence by the Ku Klux Klan. *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 720 (9th Cir. 1981).

Here, Plaintiff alleges that Defendant conspired with Plaintiff's former partner in an attempt to subject her to false imprisonment, including by refusing to file a police or FBI report, and coerced and intimidated associates of Plaintiff to get them to participate in an illegal investigation. FAC at 9-10. Plaintiff alleges that these actions caused her significant distrust and conflict, leading to trauma and loss of peace in her life. *Id.* Plaintiff alleges the participation of Pedder Hyundai dealership in this conspiracy, preventing her from fixing or reprogramming her electrical keys and altering her documents. *Id.* As the City argue, these allegations are conclusory because they assume a conspiracy has occurred without stating facts that plausibly show the formation of a conspiracy. *See* Mot. at 17-18;

3:25-cv-02686-JES-KSC

*Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679. The facts in the amended complaint fail to draw a connection between the actions of Plaintiff's former partner, the City, the police, the FBI, and the car dealership that overcomes the more plausible inference that these groups were not colluding with each other. *See id.* Plaintiff has also not alleged with specificity how the alleged conspiracy relates to her membership in any protected class as required by the statute. *See Canlis*, 641 F.2d at 720. In her opposition to the motion to dismiss, Plaintiff states again that SDPD officers conspired against her but does not provide more clarification regarding the formation of a conspiracy and does not connect her conspiracy claims to any class membership. Opp'n at 7. Based upon the amended complaint and the opposition to the motion to dismiss, Plaintiff is not able to allege a basis for a conspiracy resulting from class membership. The Court **GRANTS** the motion to dismiss Plaintiff's claim arising under 42 U.S.C. § 1985(3) without leave to amend, finding that leave to amend would be futile.

**H. Gender Discrimination Claim**

The City argues that Plaintiff's gender discrimination claim must be dismissed because Plaintiff does not state the legal basis for her claim. Mot. at 20. This is true on the face of the amended complaint, and Plaintiff does not refute this or address her gender discrimination claim at all in her opposition to the motion to dismiss. *See generally* Opp'n. By failing to address this issue, Plaintiff concedes it. *See Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding plaintiff who failed to address issues raised in defendant's motion in his opposition brief "has effectively abandoned his claim, and cannot raise it on appeal"); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Lee v. Summit Tr. Servs., LLC*, No. CV 19-3814-DMG (Ex), 2020 WL 1249971, at *3 (C.D. Cal. Jan. 22, 2020) (granting motion to dismiss because plaintiff's opposition "[did] not address Defendants' arguments to dismiss" and thus "conceded that those claims should be dismissed"). The motion to dismiss Plaintiff's

3:25-cv-02686-JES-KSC

gender discrimination claim is thus **GRANTED** without leave to amend, as leave to amend would be futile when Plaintiff has not stated a legal basis or pursued the claim in subsequent briefing.

## I.  Motion for Leave to File Early Discovery

Plaintiff also moves for early discovery directed to Orange County Sheriff's Department ("OCSD"), SDPD, the Federal Bureau of Investigation ("FBI"), Apple, and T-Mobile. ECF No. 5. Courts may authorize discovery prior to the Rule 26(f) conference upon showing of good cause, meaning that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am. Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Here, Plaintiff seeks from OCSD, SDPD, and the FBI: incident reports, dispatch logs, body-worn or dash camera footage, internal communications, phone call records, and reports about phone calls related to her claims. ECF No. 5 at 3.  From Apple and T-Mobile, she seeks call recordings, call logs, email exchanges, video surveillance and related records, and any records related to attempts to enter her iCloud account and change her credentials. *Id.* She asserts that these records are critical to her claims, and that the records are at risk of being lost if she is not able to conduct early discovery. *Id.* These statements are conclusory and fall short of the showing of relevance necessary for early discovery. *See TGI Friday's Inc. v. Stripes Restaurants, Inc.*, No. 15-CV-00592-AWI, 2015 WL 2341991, at *3 (E.D. Cal. May 13, 2015) (denying expedited discovery where movant "fail[ed] to articulate a specific need for . . . requested discovery."); *see also OOO Brunswick Rail Mgmt. v. Sultanov*, No. 17-CV-00017-EJD, 2017 WL 67119, at *2 (N.D. Cal. Jan. 6, 2017) (denying ex parte application where movant "fail[ed] to show good cause because it does not adequately explain the need for expedited discovery.") A court order to produce these records would also impose a significant burden on the parties she seeks to subpoena who would be required to search their records, review for confidentiality or other objections to disclosure, and in some cases create new versions suitable for sharing with outside parties. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (noting

3:25-cv-02686-JES-KSC

burden on parties to be compelled as a consideration in motions for early discovery). Most of the parties Plaintiff seeks records from are not parties to this lawsuit, heightening the relative burden on them. Thus, after balancing the interests of the parties and the administration of justice, the Court finds it proper to **DENY** the motion for early discovery at this time. *See Semitool, Inc.*, 208 F.R.D. at 276.

## IV.   CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's motion to dismiss. The following claims are **DISMISSED without leave to amend**: conspiracy to impede officer and obstruction of justice, in violation of 18 U.S.C. § 372; destruction, alteration, or falsification of records, in violation of 18 U.S.C. § 1519; interference with medical care under the ADA; conspiracy against rights, in violation of 18 U.S.C. § 241; and conspiracy to interfere with civil and constitutional rights, in violation of 42 U.S.C. § 1985(3); and gender discrimination. The Court gives Plaintiff leave to amend the remaining claims, should she be able to allege facts showing a plausible basis for her claims under the standards set forth in this order. The Court cautions Plaintiff that any facts or legal claims alleged in prior complaints will not be considered in an amended complaint. Thus, if Plaintiff chooses to amend her complaint, all factual allegations, legal claims, and supporting documents must be set forth and/or attached in the amended complaint. Further, the Court cautions that a failure to remedy the issues set out in this order in a future complaint will result in a dismissal of all claims with prejudice. The Court also **DENIES** Plaintiff's motion for early discovery. In the event that Plaintiff elects to file an amended complaint, she must do so within thirty (30) days of this Order, no later than **May 3, 2026**.

   **IT IS SO ORDERED**.

Dated: April 3, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

14

3:25-cv-02686-JES-KSC