FILED

JUL 2 3 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SKYY CHUNG, | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **PLAINTIFF'S OPPOSITION** |
| **DERRICK TAYLOR, an individual,** | ) | **TO DEFENDANT CITY OF** |
| **DBM PRIVATE INVESTIGATOR, LLC;** | ) | **SAN DIEGO'S MOTION TO** |
| **CITY OF SAN DIEGO, a public entity,** | ) | **DISMISS THE SECOND** |
| **Defendants.** | ) | **AMENDED COMPLAINT** |
| | ) | |
| | ) | |

## I.    STATEMENT OF FACTS

Plaintiff hired a private investigator named Mr. Derrick Taylor in June 2025. Plaintiff clarifies that these were the services Mr. Taylor offered to Plaintiff in exchange for $2,500. Plaintiff did not specifically request for any of these services. At the time Plaintiff first contacted Mr. Taylor, it was Plaintiff's first time obtaining the services of a private investigator. Plaintiff was unaware of the existence of ALPR data or that vehicle history was able to be physically procured. All of the aforementioned services were offered and suggested by Mr. Taylor. Mr. Taylor also did not claim he would provide a complete call log history. Rather, he offered a list of the most frequently called contacts. This list and the background/criminal history were the only two items that were provided out of the four services he promised.

It is inaccurate to state that Mr. Taylor is a US spy selling secrets to China. Rather, Plaintiff stated that he was part of a multifaceted conspiracy to silence, stalk, and terrorize innocent people in the USA for exercising their freedom of speech, specifically for criticizing the PRC. Some of the data about the targets that Mr. Taylor and his associates acquired were then sent to Chinese territory. These are not Plaintiff's own allegations, but what was posted on the Department of Justice's own website, in their article titled, "Five Men Indicted for Crimes Related to Transnational Repression Scheme to Silence Critics of the People's Republic of China Residing in the United States." Mr. Taylor is among the five men indicted and charged.

Defendant cites *City of Gilroy v. Superior Court* (2026) 19 Cal. 5th 38 to support why the City was justified in not releasing the CPRA files. However, the central issue in this case appears to concern preservation matters and preservation length of time, not whether the files were obligated to be released to the public.

Additionally, the City cited several government codes in their CPRA response, but most notably Government Code sections 7923.600(a) [investigatory files] and 7923.615 [disclosure would endanger the successful completion of an investigation]. These government codes prevent records from being distributed in the event of an active investigation, security procedure, or intelligence information. Is this an admission by the City that there was an active investigation being conducted on Plaintiff? If so, what was the justification for an investigations? The Court additionally ruled in this case that declaratory relief is appropriate when there is an ongoing dispute over the agency's policies.

It is unusual that a City would fail to disclose even the badge numbers and responding officers to Plaintiff's 911 call. Ordinarily, some information is released, with some information redacted if it contains sensitive material. SDPD holds pertinent information, such as identities and badge numbers of responding officers, and a list of BOLO alerts issued regarding Plaintiff. Part of Plaintiff's intent in filing a lawsuit was to compel the City and other entities to provide documents they have repeatedly refused to provide through subpoenas and other legal means.

Regarding *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1200 (9th Cir. 2015), Plaintiff counters with three government codes that determine the City's liability:

   a.   CA Government Code 815.6, which makes a public entity liable for injuries caused by its failure to discharge a mandatory duty imposed by an enactment. The City's actions constitute a failure to discharge mandatory duties, both through its failure to file police reports and through its failure to provide any information at all through CPRA. Their failure to act on multiple levels has resulted in damages to Plaintiff.

   b.   CA Government Code 815.2, which makes a public entity vicariously liable for the acts or omissions of its employees acting within the scope of employment, if the employee would be liable.

   c.   CA Civil Code 52.1(c), the Bane Act, which protects any individual whose exercise of constitutional rights has been interfered with. Plaintiff was engaging in c  onstitutionally protected speech when she was prevented

from accessing the internet for months due to electronic surveillance and tampering with her devices.

Regarding *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004), these ADA guidelines concern reasonable accommodations. Plaintiff alleges ADA violations because she was prevented from accessing her own medications and medical care. Three different lockboxes containing prescription medications inside were all tampered with, and the code had been changed, all on the same weekend, rendering Plaintiff unable to access her medications for months. Plaintiff has witnesses who can attest to this, as she brought in her lockboxes to her workplace to seek assistance from multiple people on how to open lockboxes without access to the code. One lockbox is still unable to be opened to this day.

Plaintiff attests that she has ADHD and a seizure disorder and chronic migraines, for which she has receiving treatment from a neurologist. All three of these would qualify as disabilities for which ADA would be applicable. Plaintiff's lockboxes contained medication for ADHD, seizures, headaches, and pain medication. All of these medications constitute a medical necessity, with some of these for serious medical disorders. The activity that Plaintiff was prevented from was accessing necessary medications, accessing medical treatment, and access to pain relief, which is a serious human rights violation. It is egregious enough that this would even be considered a war crime under the Geneva Convention. A public or private entity preventing a person from accessing medical treatments or medication would be considered a violation of ADA under any circumstance. It would also fall under intentional infliction of emotional distress.

Only somebody in the law enforcement industry would be capable of unlawfully entering a person's residence and changing multiple lockboxes simultaneously. These are not the actions of an ordinary citizen. City of San Diego alleged earlier that the reason they were unable to provide Plaintiff's CPRA requests because of "investigatory reasons." The City has effectively admitted to investigating Plaintiff at one point; therefore, it is reasonable to conclude that law enforcement personnel may have had access to Plaintiff's vehicle and residence during this time frame.

Plaintiff maintains that her constitutional right to freedom of speech was suppressed during this same time frame. Plaintiff is employed as a content creator and has been filing IRS Form 1099 income for approximately the past five years. Plaintiff posts a variety of subjects and themes, including topics surrounding history, culture, national identity, art, cosplay, biology, sexuality, and documentary-style films. Interfering with Plaintiff's devices and internet access is therefore considered to be a violation of her constitutional rights.

Defendant alleges that a public entity cannot be sued simply for employing bad actors under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690–91 (1978), but without access to Defendant's internal records, documents, and case files, it is not possible to determine with certainty whether there was or was not any official policy or authority exercised in this case. Such actions typically come from investigative warrants, which Plaintiff does not have access to. The City is in possession of the information that would determine this, and they can prove this by simply releasing their files.

The reason Plaintiff is alleging a CPRA violation is because the City has failed to identify the basis for investigating Plaintiff. They have failed to produce any information, including the phone logs and recordings of Plaintiff's phone calls to SDPD, police body-camera footage, and the names of responding officers and their badge numbers on the day they came to Plaintiff's house. Plaintiff is entitled to at least some basic information, including the reason why Plaintiff is being investigated. Plaintiff alleges that the City is using Government Code sections 7923.600 and 7922.000 as a blanket excuse to withhold all documentation and information. The City has failed to inform Plaintiff of the basis for any alleged investigation.

## II.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court deny Defendant's Motion to Dismiss.

**Dated:**    **7/21/2026**

**By:**    **Skyy Chung**