UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYY CHUNG,<br>Plaintiff,<br>v.<br>SAN DIEGO POLICE DEPARTMENT; CITY OF SAN DIEGO, a public entity; DERRICK TAYLOR, an individual; and DBM Private Investigator, LLC, a California limited liability company,<br>Defendants. | Case No.: 3:25-cv-02686-JES-GC<br>**ORDER GRANTING MOTION TO DISMISS**<br>**[ECF No. 16]** |

Before the Court is Defendant City of San Diego's ("Defendant" or the "City") motion to dismiss *pro se* Plaintiff Skyy Chung's ("Plaintiff") second amended complaint. ECF No. 16 ("Mot."); ECF No. 14 ("SAC"). Plaintiff filed an opposition to this motion (ECF No. 23 ("Opp'n")) and Defendant filed a reply (ECF No. 24 ("Reply")). For the reasons set forth below, the Court **GRANTS** the motion.

//

//

## I. BACKGROUND

Plaintiff alleges that she retained the services of Derrick Taylor ("Taylor"), operating as DBM Private Investigator, LLC ("DBM"), on June 20, 2025, "to obtain information concerning Plaintiff's former partner for personal and relational purposes." SAC at 2. Plaintiff alleges she paid Taylor but that he did not deliver the promised services. *Id.* at 2-3. Plaintiff alleges that Taylor was previously indicted by the Department of Justice for unlawfully selling sensitive data to China. *Id.* at 3. Plaintiff alleges that "[t]he crimes that Mr. Taylor was indicted of are strikingly similar to the events that transpired in Plaintiff's life," and alleges that Taylor engaged in fraudulent and possibly unconstitutional conduct. *Id.* at 15-16. Plaintiff alleges that the FBI has now opened an investigation pertaining to her and that Taylor was involved. *Id.* at 18. Plaintiff also alleges that Taylor aided her former partner Grant Garrett by failing to provide the information at issue, and that Taylor did so due to his bias against Plaintiff as a content creator. *Id.*

Plaintiff alleges that the City failed to investigate her stalking and harassment claims involving unwanted texts to her daughter's phone. *Id.* at 18-19. Plaintiff alleges that police officers "showed up unusually fast, […] almost as if these SDPD officers were expecting Plaintiff's phone call." *Id.* at 19. Plaintiff alleges that the City prevented her from accessing surveillance footage which could have helped her determine the source of harassment and unusual occurrences. *Id.* Plaintiff also alleges that the police department improperly denied related public records act requests as investigatory files. *Id.*

Plaintiff alleges that her Apple Airtag and Tile device alerted in unusual ways, and that "[t]hese are the types of acts that law enforcement is capable of." *Id.* at 20. Plaintiff alleges that the police may have disseminated defamatory and slanderous information about her through an alert based on "a series of unusual interactions with employees and management at various establishments, including a pharmacy, a coffee shop, and a grocery store." *Id.*

Plaintiff brings the following causes of action: (1) fraud and intentional misrepresentation, against Defendants Taylor and DBM; (2) breach of contract, against

Taylor and DBM; (3) invasion of privacy, against all defendants; (4) violation of the fourth amendment under 42 U.S.C. § 1983, against all defendants; (5) trespass to chattels, against all defendants; (6) defamation, against all defendants; (7) violation of the Americans with Disabilities Act ("ADA"), against all defendants; (8) First Amendment retaliation, against all defendants; (9) intentional infliction of emotional distress, against all defendants; (10) negligence/ negligent supervision, against the City; and (11) gender discrimination, against all defendants. *Id.* at 21-25.

This is Plaintiff's third complaint in this action. Plaintiff's First Amended Complaint ("FAC") alleged that she was targeted by employees of Defendant in concert with her former partner through a variety of conduct, including digital and physical trespass on her property and failure of police to investigate her claims. *See* ECF No. 3 ("FAC") at 4-5, 12-13. Plaintiff brought fourteen claims in her previous action. *See generally* FAC. Following a motion to dismiss, the Court dismissed the following claims without leave to amend: conspiracy to impede officer and obstruction of justice, in violation of 18 U.S.C. § 372; destruction, alteration, or falsification of records, in violation of 18 U.S.C. § 1519; interference with medical care under the ADA; conspiracy against rights, in violation of 18 U.S.C. § 241; and conspiracy to interfere with civil and constitutional rights, in violation of 42 U.S.C. § 1985(3); and gender discrimination. ECF No. 13 at 14. The Court granted Plaintiff leave to amend her Fourth Amendment *Monell* claim and her First Amendment claims. *Id.* at 9-10. The Court also granted Plaintiff leave to amend her common law tort claims should she be able to state a statutory basis for those claims, and successfully plead compliance with the Government Claims Act. *Id.* at 6-7.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim tests the legal sufficiency of a plaintiff's claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true all well-pleaded factual allegations in the complaint. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007). The court need not accept as true legal conclusions cast as factual allegations. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient).

A complaint must "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To survive a motion to dismiss, a complaint must include non-conclusory factual content. *Id.* at 555; *Iqbal*, 556 U.S. at 679. The facts and the reasonable inferences drawn from those facts must show a plausible—not just a possible—claim for relief. *Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. at 679; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The focus is on the complaint, as opposed to any new facts alleged in, for example, the opposition to a defendant's motion to dismiss. *See Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), *reversed and remanded on other grounds as stated in* 345 F.3d 716 (9th Cir. 2003). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss*, 572 F.3d at 969.

**B. Federal Rule of Civil Procedure 8**

Under FRCP 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a pro se plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131-23 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may also dismiss a complaint in which "'each count ... adopts the allegations of all preceding counts'" such that "'[i]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Ewing v. Freedom Forever, LLC*, No.: 23-CV-1240 JLS (AHG), 2024 WL 221777, at *4 (S.D. Cal. Jan. 19, 2024) (quoting *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)).

## III. DISCUSSION

### A. Improper Amendments

Plaintiffs in federal court may amend their complaint once as a matter of course no later than 21 days after service, or with the court's leave. Fed. R. Civ. P. 15(a). When courts grant leave to amend some claims following a motion to dismiss, plaintiffs are limited in the scope of amendment, as explained below:

> Generally speaking, amended pleadings may not exceed the scope of leave granted by the district court. When leave is granted to amend certain claims against specific parties, the Court may dismiss and strike any portions of the amended pleading not expressly permitted. *See Raiser v. City of Los Angeles*, No. CV 13-2925 RGK RZ, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014); *see also* Fed. R. Civ. P. 15(a). "The rule applies even if the court did not expressly bar amendments other than the one(s) it did allow." *Raiser*, 2014 WL 794786 at *4 (citing *FDIC v. Kooyomjian*, 220 F.3d 10, 15 (1st Cir. 2000)).

*Barnes v. Sea Hawai'i Rafting, LLC*, 493 F. Supp. 3d 972, 978–79 (D. Haw. 2020).

Here, the Court's previous order dismissed a number of claims with prejudice, but granted Plaintiff leave to amend her First and Fourth Amendment claims, as well as her state law tort claims, against the City. ECF No. 13 at 6-10. In the SAC, however, Plaintiff

includes a new set of facts and claims against two new defendants, Taylor and DMB. *See* SAC at 21. This amendment was improper because it exceeds the scope of the leave to amend which the Court expressly granted. *See Barnes*, 493 F. Supp. 3d at 978. The Court thus **DISMISSES** all claims against Taylor and DMB. *See id.* at 979. The Court discusses the remaining claims below.

**B. State Law Claims**

In the Court's previous order, the Court dismissed Plaintiff's state law claims because they were brought against the City of San Diego without specific statutory basis and did not plead compliance with the Government Claims Act. ECF No. 13 at 6-7. Regarding statutory basis, the Court explained: "Plaintiff is granted leave to amend, should she be able to articulate a statutory basis for each of the claims and allege plausible facts which, taken as true, show all of the elements of each claim under the relevant statutes." *Id.* at 6. Regarding compliance with the Government Claims Act, the Court explained that Plaintiff had failed to plead compliance with the act or an excuse for non-compliance, and granted leave to amend "should Plaintiff be able to allege facts showing either compliance with or an excuse for noncompliance with the Act." *Id.* at 7.

In the SAC, Plaintiff raises the following common law claims against the City: negligence, defamation, fraud, invasion of privacy, trespass to chattels, and intentional infliction of emotional distress. SAC at 21-25. As Defendant points out, Plaintiff again fails to state a statutory basis for these claims, or to plead compliance with the Government Claims Act or an excuse for non-compliance. *See* Mot. at 9-10. Plaintiff's state law claims are thus subject to dismissal. Additionally, in its prior order, the Court cautioned that "a failure to remedy the issues set out in this order in a future complaint will result in a dismissal of all claims with prejudice." ECF No. 13 at 14. Plaintiff did not remedy the issues identified in the prior order, and the same issues persist in the SAC. The motion to dismiss is therefore **GRANTED** with prejudice as to the following state law claims in the SAC: invasion of privacy, against all defendants; trespass to chattels, against all defendants; defamation, against all defendants; intentional infliction of emotional distress,

against all defendants; negligence/ negligent supervision, against the City of San Diego; and gender discrimination, against all defendants.

**C. Fourth Amendment *Monell* Claim**

Plaintiff re-alleges her Fourth Amendment claim here. SAC at 22. Defendant argues that she fails to allege a municipal policy as required under *Monell*. Mot. at 12-13. The Court agrees.

As the Court explained in its prior order, "a city may be held liable for the illegal or unconstitutional actions of its employees in a civil rights action only when those actions result from a policy, custom, or practice attributed to the City." ECF No. 13 at 7, citing *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690–91 (1978). A plaintiff may show a policy by showing "a deliberate choice to follow a course of action … made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question," (*Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)), or by showing deliberate indifference, meaning "actual or constructive notice" that the action or inaction in question is "substantially certain to result in the violation of the constitutional rights of their citizens" (*City of Canton, Ohio v. Harris*, 489 U.S. 378, 396 (1989)). *Id.*

Here, Plaintiff's Fourth Amendment claim is pled against the City, and thus must comply with the requirements of *Monell*. As Defendants point out, the SAC does not allege facts showing a policy or deliberate indifference. *See* Mot. at 13. This same was true of Plaintiff's former complaint, as the Court explained in its prior order. ECF No. 13 at 8. The Court there granted leave to amend "should Plaintiff be able to allege plausible facts showing all elements of a *Monell* violation." *Id.* Plaintiff has not done so, and her claims suffer from the same deficiencies the Court identified in that order. The motion to dismiss Plaintiff's Fourth Amendment claim is thus **GRANTED** with prejudice.

//

//

//

**D. First Amendment Claims**

Plaintiff brings a First Amendment retaliation claim. SAC at 24. The City argues that Plaintiff has not shown the elements of a First Amendment claim. Mot. at 13-14. The Court agrees.

As the Court explained in its prior order, "'[t]o prevail on a First Amendment retaliation claim, a plaintiff must show: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.'" ECF No. 13 at 9 (quoting *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1160 (N.D. Cal. 2009).

Here, Plaintiff alleges that Defendant acted against her based on her content creation. SAC at 24. However, just like in the prior complaint and motion to dismiss, the City correctly argues that Plaintiff has not alleged any of the elements of a first amendment retaliation claim. Mot. at 14. As the Court explained, while video creation is in some instances protected speech, other types of speech are unprotected or less protected. *See, e.g., Miller v. California*, 460 U.S. 1105 (1983) (holding that obscene speech is unprotected by the First Amendment); *Counterman v. Colorado*, 600 U.S. 66 (2023) (holding that true threats are unprotected speech). Plaintiff has again failed to identify the speech at issue, and has not plausibly alleged that any action the City took was in response to any form of content creation. *See generally,* SAC. Plaintiff's allegations of the City's motivations, and even its connections to the harms she suffered, are speculative in nature and not entitled to the presumption of truth under federal pleading standards. *See, e.g., id.* at 24 (alleging that "Defendants were motivated by Plaintiff's protected activity."). Because these issues are the same as the issues Court identified in the prior complaint and Plaintiff failed to address them in the SAC, the motion to dismiss Plaintiff's First Amendment claim is **GRANTED** with prejudice.

//

## IV. CONCLUSION

For the reasons explained above, the Court **GRANTS** Defendant's motion to dismiss with prejudice. The Clerk of the Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: September 3, 2026



Honorable James E. Simmons Jr.
United States District Judge